ALZERIA CLARKE, Respondent, v. SMITH and PARKE,
Appellants.

A promissory note was indorsed by a third person before delivery to the payee :
Held, that such indorsement was primâ facie an accommodation to the payee ;
but proof that his design was to become a surety or guarantor for the maker,
would make him liable to the payee; and default by the indorser, with proper
averments, dispenses with this proof.

APPEAL from the Tenth Judicial District, County of Yuba.

This action was brought for the recovery of a promissory note
for $2000, drawn by E. M. Smith, one of the defendants, and
made payable ninety days after date to the plaintiffs ; which note
was indorsed by the other defendant Parke ; the complaint avers
that Parke indorsed the same before it was delivered to the plain-
tiff; and that when it became due, it was duly presented to the
maker and payment demanded, which was refused ; of which
demand and refusal due notice was given to Parke, the said
indorser.

The defendants were duly summoned, who made default ; and
judgment was entered thereupon; from which Parke, one of the
defendants, the (indorser) appealed.

*Field,* for appellant.

A default only admits the truth of the facts alleged. No other
effect follows; and if the facts do not show a right to recover, the
judgment cannot stand.   Parke's liability in the case is that of
indorser after the payee (the plaintiff) ; the latter must be the
first indorser, and Parke the second.   The payee whose liability
comes immediately after that of the maker, cannot sustain an
action against a subsequent party, unless such party is a guaran-
tor, which is not the case here.   This is in fact an attempt of an
indorser to sue his indorsee.   It makes no difference that Parke
indorsed the note before its delivery; for it is to be presumed he
knew that his liability was subsequent to that of the payee.   Parke
can be considered only an indorser, and not as a guarantor; for
the note is negotiable, and as indorser, his liability is second to
that of the payee.   Sto. on Prom. Notes, sec. 134; Do. on Bills

of Exchange, 235; Herrick *v.* Carman, 10 Johns. Rep. 225; 12 Johns. Rep. 161; 17 Johns. 326; 3 Hill, 233; 7 Hill, 416.

HEYDENFELDT, Justice, delivered the opinion of the Court, with whom MURRAY, Chief Justice, concurred.

The note sued on was given by Smith, one of the defendants, payable to the plaintiff; and before it was delivered to the plaintiff, it was indorsed by the defendant Parke.

These facts are set out in the declaration, and the judgment by default admits its averments to be true.

It is very evident, that Parke was a guarantor of the note; and although, *prima facie,* he would be presumed to be an accommodation indorser for the payee, and therefore not liable to him; yet upon proof that such was not the intent with which he acted, but that his design was to be a surety or guarantor for the maker, his liability to the payee is beyond question. The default, upon proper averments, dispenses with this proof; and the judgment is consequently affirmed with costs.